Good morning, Your Honors. May it please the Court, my name is Corey Zidell, and I'm here representing appellants Mr. Glover, Mr. Henson, Ms. Pacalao, and Ms. House. This Court today is called on to determine whether Santander Consumer USA is a debt collector under the Fair Debt Collection Practices Act with respect to the specific debts that are involved in this litigation. This requires two distinct inquiries. There's an entity-level inquiry under the baseline definition of Fair Debt Collection Practices Act, and then there's a specific debt inquiry under the exclusions to the debt collection definition and the creditor definition. My question that I'm trying to grapple with in interpreting this statute is, under what circumstance would a consumer need the protection of a federal statute from unfair and deceptive trade collection efforts on a loan that's not in default? And the answer is there is no basis to provide protection to a consumer on a currently paid loan. They're not being called on because they're on time. The lender is being repaid its capital in a timely manner, in the manner in which it was installed. So the first inquiry is the entity-level inquiry. So 15 U.S.C. 1692a6 requires that any person who regularly collects or attempts to collect debts owed or due or asserts to be owed or due another. That's the entity inquiry, whether the entity Santander has sufficient debt collection within its portfolio in order to make it an entity that's covered by the Fair Debt Collection Practices Act. Now, the allegations in the complaint specifically state that not only does it account for servicing other people's debts for the four appellants in this case, but also 3,000 other consumers that were similarly situated to these appellants from a prior litigation that was certified as a class action. This is all in the complaint. Those accounts, 3,000 accounts, accounted for $30 million of debt. And the allegation is that Santander was assigned these on behalf of Citi Financial Auto, the original creditor. As a threshold matter, why do you get to go directly to A6 or leaping A4? Well, it's my understanding that the definitions in the Fair Debt Collection Practices Act, they're ordered alphabetically. So I look at what's included in the statute before what's excluded. And my understanding of the definition of creditor under A4 is anything that's excluded. The A4, the creditor inquiry, that's not an entity-level inquiry. That's a specific debt inquiry. So it's my understanding that the FDCPA starts with every debt, anyone that collects a debt, and then the FDCPA says, you're an entity that qualifies as someone who needs to conform to the FDCPA. That's a hard reading to make. It's almost, if that's what you're doing, I don't know if that's your best argument, but if you have a bank that collects its own debt and also collects the debts of others, when it's going about collecting its own debt, you're saying it's going to be subject to the act? No, Your Honor, I'm not saying that necessarily. That's an entity because they regularly collect debt for others. Correct, Your Honor. In other words, let's just say that 50 percent of their business is collecting debt for others, and 50 percent is collecting their own debt and issuing debt and collecting it. Now, in a case where they're collecting their own debt, you'd agree that the act doesn't provide for coverage of that, does it? They're not debt collector for that purpose. A bank's collecting its own debt. Correct. A bank that issued the loan and is collecting it. Correct. They wouldn't be, that specific debt that they originated, that debt wouldn't be covered by the FDCPA, but that doesn't mean the entity isn't originally within. Are you talking about the debt being covered? A debt collector is, it seems to me that a debt collector has to relate to, it's a definition for conduct that the debt collector has vis-a-vis the person, the plaintiff in this case. So it's always going to be, your answer, I think, is absolutely correct. I don't think a bank that's collecting on its own debt is intended to be covered by the act. The bank's collection with respect to the debt of others. Now, in this case, the allegations are that Santander purchased the debt for a few cents on the dollar and is now collecting it. Now, why isn't that their own debt? Well, you know, that's true, but not originally. Originally. Well, they're originally not the purchaser. They're the servicer. They were hired by... Why are you saying that? That's what happened. That's the allegation of the complaint. No, it says they were hired to do that. It didn't say that's what they did. It says the very next paragraph that they purchased. They purchased the debt with respect to these plaintiffs, and they own the debt with respect to these plaintiffs, and then in collecting that debt, they violated the act. The acts that took place that violated the act took place after the purchase was completed. It doesn't matter. The question is when they are doing collecting debt, at the time they're collecting debt and allegedly doing these misrepresentations and these overstatements and the harassment, are they a debt collector? And the question is, are they collecting their own debt, or are they collecting the debt for another? Your Honor... I don't know where you're reading. I mean, you're sort of giving away your case. I'm directing you to the statute. I've got the statute in front of me, and I read exactly what you said, and it says a debt collector is one who regularly collects debt of another. Correct. And Congress wanted a deal with agency-type debt collectors, and they clearly excluded people who were collecting debt on their own behalf. Their own debts. Now, the fact that how they got the debt, whether they issued it or purchased it, is irrelevant. Well, Your Honor, the statute refers to the time when the debt was obtained. Where does it say that? That's on the exclusion. Correct. But the exclusion is inapplicable. The exclusion is a carve-out. You have to look at the definition under 6. Correct, A6. It has two prongs, 1 and 2, and purportedly they argue that you're under the second prong. But the question is to get under the second prong, your client, you're Santander, right? No, you're the plaintiff. Correct. My argument is mistaken, then, because I was assuming you were Santander. You were giving away your case, but you're actually trying to support your case. Okay, let me just take it from a little different angle, then. The point is still that the second prong, they have to be collecting the debt of another, right? Well, Your Honor, I don't agree with that. All right, tell us why not. I mean, that appears to be the plain language of the code, both for debt collector and creditor. I understand that. The language used in A6, the regularly collects debt on debts owed or asserted to be owed another, that exact same language is in the exclusion, A6. The exclusion doesn't define the principle definition. The exclusion carves out something. I understand, but what is it carving out? You're saying, and this is what you did in your brief, you said because the exclusion carves out this, then everything else has to be the opposite of the exclusion. But that isn't the way you read a statute. You read a statute looking at the principle classification and then carve out what you need to carve out. If you're carving out something that's irrelevant, then you're still back with your initial definition, which is the second prong of 6. But, Your Honor, the reason I bring up the exclusion with reference to the language in the inclusion is that they need to be interpreted the same way. If the exact same language is used in the inclusion and then the exact same language is used in the exclusion, what is being excluded by that language if you've read it in the inclusion to not include the people to begin with? It starts with the notion that if you're not a debt collector, person collecting or attempting to collect debt on, these are exclusions now, if it concerns a debt which was not in default at the time. So that's sort of a safe harbor. But it doesn't mean the opposite makes you a debt collector. The debt collector is defined in the second prong above. Well, we agree on that. Yeah. Yeah, and there's no disputing that. No, but you're suggesting that if you carve out a section of the initial definition, then everything of the opposite of the carve out shapes the initial definition, and that's just not logic. Your Honor, what I'm trying to convey is that I think that courts have conflated the issue of whether an entity is subject to the Debt Collection Practices Act and whether the specific debt is a debt that should be regulated by the Act. Isn't that a policy consideration for Congress to make and for whatever reasons they have set out their policy choices in this statute? And whether you're looking at 6 for what's a debt collector or F for an exclusion, they both reference, in plain terms, debt owed or due another. And this is all stuff that Santander bought. It's their debt now. Correct, Your Honor. Right, it's their debt at the time that the allegations of the unfair practices took place. Right. That's your cause of action. After they bought the debt, they did these bad things. So I'm not comprehending under the terms of the statute how they ever become a debt collector subject to a claim. What are the facts that you've pled? I would direct your court to the Ninth Circuit and the Eleventh Circuit in Schlegel and Davidson, which are the cases primarily relied upon by Santander in this case. In those cases, the defendants were Capital One and Wells Fargo. No one's going to dispute that they're a bank that originates loans. I'd assume that's their primary business. Now, they were found in those cases, the plaintiffs in those cases on appeal, were found not to have properly alleged that the entities themselves, Wells Fargo and Capital One, qualified under A6 as a debt collector because the consumers did not allege that Wells Fargo and Capital One ever collected debt on behalf of someone else. It didn't have any reference to the specific debts that were alleged in those cases. You don't have that in your complaint either. Your Honor, in the complaint in this case, the appellants have alleged that they were part of a class of people, 3,000 consumers, and that their debts were assigned for servicing to Santander. You said in one paragraph that they were hired, that Santander was hired to service the debts and collect them. But you never said that they proceeded. The very next paragraph, you said they purchased the debt. And it seems to me everybody agrees that in this case, Santander purchased the debt. And you explain it in detail by saying they purchased it for a few cents on the dollar. So now it's their debt. That hiring, they may have signed a contract that we're going to do this, but they didn't do it in this case. What they did in this case is they purchased the debt as an investment. Now, the truth of the matter is if you look at the SEC filing, they purchased it as an investment. And they got it discounted. They purchased $3.5 billion of a portfolio, much of which was not in default, and some of which was in default. But that is irrelevant. The question is whose debt was it? And after they purchased it, they are now owed the money. And now when they're collecting their own money, you agreed that if they're collecting their own debts, that the act doesn't apply, right? Well, no, Your Honor. If they're collecting the debt they originated. Where does that come in? Where are you making that up from? Your Honor, I don't believe I'm making that up. I mean, there's numerous. Where is the language in the statute? Either as a creditor or a debt collector that fits the definition that you're trying to give us. My Lord, I borrowed money from a little savings bank. The next day they sold it to Wells Fargo. Wells Fargo now owns my loan. I pay them the debt. I'm not in default. But if I go into default and they collect it, are they a debt collector? No, Your Honor, because at the time of the transfer, you weren't in default. Well, where does the statute make the distinction that you're arguing for? And while you're answering that question, if you could explain to me why, which is kind of where I started out, why Santander isn't a creditor just as they claim to be because the debt is owed. It's a person to whom the debt is owed. Your Honor, I see my time has expired, but can I answer the question? Yes, please do. Okay. Well, if you look, Your Honor started with the definition of creditor when you asked me originally under A-4, where it seems like the panel would say Santander seems to fall directly into that because they're collecting their own debt. Well, I am articulating it as part of what I understand Santander's argument, that that's what they are. It's their debt. They own the debt, which reinforces the language in A-6 that a debt collector is someone who is collecting debts owed to another. Correct. And so I direct you to the definition of creditor. I'm looking at it. Okay. Well, after the inclusive clause, there's an exclusion, and the exclusion specifically says the- To the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. Correct, and that's exactly what happened in this case. They're not collecting a debt for another. Your Honor, the debt was assigned- It was assigned by Citi Financial Auto to Santander to collect. Santander, after they purchased it, they're not collecting the debt for Citi. Correct. They're collecting the debt for themselves. Because they own it. I agree with that, but the language talks about the time that the debt was obtained. At the time the debt in default is obtained solely for the purpose of facilitating collection of such debt for another. I don't understand how you can read- You would have to read it issued and owed, creditor, under Judge Duncan's question. You would have to read for to say to whom a debt was issued and is owed. That's the way you want to read it. A creditor is the person who issued the debt and is now owed it. Otherwise, if you don't put that language in, is owed covers both the person who issued it and the person who purchased it. As a matter of fact, you agreed on my hypothetical that Wells Fargo purchased my mortgage, and they are a creditor because that's to whom the money is owed. Correct, because it wasn't in default at the time. It doesn't say that, does it? I think it does. No, no, the next clause says if you purchase it solely for the collection of a debt of another. But Wells Fargo didn't purchase, even if I'm in default, they didn't purchase it for somebody else to collect it. In this case, they purchased it as an investment, I'm quite confident. That's what they disclosed. But I don't see how, they're not purchasing it, they're not going to do anything with respect to city finance, are they? They're not going to return any money to city finance on the collection effort. Well, that's originally they would have. No, they didn't do it. They never purchased it. They never collected debt for city finance. They purchased the debt. Right? I mean, that's what your complaint says it. They purchased it for pennies on the dollar. Now, what's that mean? That sounds like an investment. That's right. We don't disagree about that, but I think what we're disagreeing is the time lapse. Just because the next paragraph in the complaint says they purchased the debt, it doesn't mean it happened the next day. It doesn't matter. They never, the allegations of your complaint is collection conduct that Santander undertook in collecting their own debt. That's what your complaint says. They purchased the debt, and they're collecting it, and they're doing it with harassment and misrepresentations. And the district court said, well, they're collecting it for themselves. And you're saying, but they didn't issue it, or they weren't in default or something. But you have to fit the definition of a creditor or a debt collector, and all of you seem to agree they're mutually exclusive in the act, aren't they? Yeah, we do agree with that. I would wrap up by saying that if you interpret this statute in the way that Santander asks, then you're going to have debts that fall into both debt collector and creditor. And so I'd like to just reserve a couple minutes to respond after they have a chance to explain how a debt could possibly fall into both categories. A debt? I mean, if the debt's owed to Santander, it's a debt that's owed to Santander. Now, if they collect on that debt illegally, you have to show that they're not collecting for their own account but for somebody else. Don't you? If you're going to take into account the word another. I understand that seems to be the court's position. Well, it's a question, really. I mean, I don't want to foreclose the notion that we're wrong in looking at it, but I'm just staring at this language and can't get over the notion that everything is defined as the collection of a debt for another every time they refer to it. And when you're collecting your own debt, regardless of how you got it, then you seem to be a creditor, right? If you can tell me how to get over that hurdle, maybe we can take it further. But that's what you allege in your complaint, too. I think the easiest thing to do is to show the court that by interpreting the statute in the way that you're questioning me, it would mean that a debt collector whose primary business is debt collection wouldn't be a debt collector. If they owned it, it wouldn't. But they don't own it. A debt collector is collecting for somebody else. No, I'm talking about a debt buyer. I'm in the business solely of purchasing debt. I'm Midland Funding, Pasadena Receivables, and I purchase debt. That's all I do. I purchase debt, defaulted debt. For yourself. That's right. And then I collect it for myself. There's been cases in the Supreme Court where the defendant was a debt buyer, and I can't cite any off the top of my head, but. . . But wouldn't that fall into the first prong of six? It would. They'd be primarily. . . It would be the principal purpose of which is the collection of any debt. Right, but then wouldn't they also fall into the definition of creditor, someone who's collecting a debt that they own? No, because that's not their principal purpose. You said the principal purpose of Santander is issuing and financing in your complaint. And you said with respect to this one, they purchased these loans at a discount. And in collecting these loans that they purchased, you're saying they were harassing and misrepresenting to the clients. Now, Santander comes in and said, well, that's irrelevant because we're not a debt collector. Because we purchase this for our own account. We're not doing it for somebody else. And that's not our business is to collect debts for somebody else. Our principal business, as you allege in the complaint, is financing and issuing. And I guess you agree that this purchase was part of that $3.5 billion portfolio purchase, do you? Yeah, correct. Well, Santander is going to come up and they're going to ask you for a per se rule that anyone who's collecting on their own debt, whether it was originated by that person, purchased by that person. You still have to get over the hurdles of six. First prong. Right, but. . . If it's principal business, collection of any debt. Collection of any debt. But then read the creditor. Creditor specifically says it's any person to whom a debt is owed. So how is a person who's principally in the business of purchasing debt not the person the debt is owed? You have to read the two together. You fall into both. You're a creditor and you're a debt collector. So that's the concern I have is that if you. . . We try to figure out what Congress says and we try to make it coherent, but the circuits seem to be split on this, and it depends on how they look at the statute. And I think the one thing I can't agree with you on, the other stuff that we have to look at, but what I can't agree is that you define six, prongs one and two, by the exclusion under F. In other words, F carves it out, but then when it carves it out, it takes it away, but it doesn't define what's left. And what's left, you still have to look under prongs one and two, I think. And your brief seems to suggest that when it carves it out, then anything on the opposite of that is sort of a negative pregnant interpretation, and I'm not sure that can be done logically. And I'm not sure how the circuits are doing what they're doing, and they're all over the park, and so it must be in the Congresses not writing as clearly as they could. But that's not new, is it? I don't think we disagree on that. All right. Mrs. Idell, thank you. You do have rebuttal, and we'll hear you get to respond. All right, thank you. And maybe we do a total flip when we get with them in our questioning. Okay. All right. Waterman? Watterson, excuse me. Watterson. Watterson, yes, Your Honor. Good morning. My name is Kim Watterson, and I represent Santander. Let me ask you right off the bat. Okay. With opposing counsel, when we look at the definition of debt collector in subsection 6, is all of that first sentence subject to the proviso at the end, owed or due another? I think as Judge Neumeier indicated, there are, if I understand your question correctly, there are two definitions of debt collector. I'll call it the first one, or definition A, anyone who is in the principal purpose of collecting debt. That's what people do. That's all they do. They don't issue loans. They may buy loans just to collect them. The second one is anyone who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. If you're asking Judge Agee if the proviso or the exclusion that Plaintiff's Counsel was discussing, that is a proviso for the second definition. If you are in the business, you make a market, your primary business is buying other people's debts, even though it insures at that point. That brings you in within the first subsection of the debt collector sentence. It does, Your Honor. Interestingly, I was going to, in response to something Judge Neumeier said about the cases being perhaps all over the place, I was going to point out, and we discussed them in our briefs on 38 and 40 and 49 and 50, many of the circuit cases that appear to be going in different directions are cases that are dealing with classic, true debt buyers, entities that fit only into the first definition of debt buyer. But when it comes to our case here, as the colloquy with Plaintiff's Counsel indicates, this case is resolved very simply by looking at the plain text of the statute, which creates a distinction between the collection of debt for others and creditors who are collecting debts owed to them. Mr. Seidel says, let's take the first prong. This is just to test the statute. Let's take the first prong. If you're in the principal business of collecting any debt, then is that in tension with the definition of creditor, which says any debt creditor is any person to whom debt is owed? Your Honor, I think we need to read them together, and I think they are very easily reconciled. Let me take the first definition of creditor. Santander is a creditor. It issues debt, and in this circumstance and in this case, the debt is debt that is owed to it. So it is a creditor, a person who offers or extends credit, or to whom a debt is owed. Now we're going to go into the world of debt collector, the targets and the sole and exclusive targets of this statute. If you're a debt buyer, and you're forgetting about the definition in subsection 6 for a minute, but if you're a debt buyer and that's all you do, you would seem to fit within the second part of the definition in that first clause of number 4 because it is then your entity to whom a debt is owed. You own it, right? Well, let's look at debt collector, the first definition, principal purpose of which is the collection of debts. Plaintiff in this case, first of all, is not alleging that Santander fits within the first debt collector definition. Those are classic debt collecting entities. That's all they do is collect debt. But could we go back to what I understood Judge Niemeyer's initial question to be, which was also a question I had. How is, without getting into the exclusion in 4, the exclusion, it doesn't include, a creditor does not include someone who receives an assignment of a debt in default solely for the purpose. Keep that out. And who offers or extends credit creating a debt to whom a debt is owed. And the first prong of 6 and the definition of the debt collector. Okay. And you were saying that those two should be read together to establish what? And could you elaborate on your response to that question, please, before you move on? I will. And I think what I was saying can be read together is, is responding to the question, can there be a circumstance where somebody is both a creditor and a debt buyer? And so my response was this. The first prong of the debt collector definition. We're in A6 now? Is that what you were asking, Your Honor? Before the or. Okay. Before the or. You're asking before the or. Captures two entities. An entity whose principal purpose of which is the collection of any debts. And the courts have construed and applied that provision, not invoked here, to entities where that's all they do. They're not creditors. They are out. They are in the true third party debt collection business. They're not issuing debt. They're collecting debt. And that's all they're doing that are collecting debt. Many of the entities folks know of by name, and that are the defendants in many of the cases cited in the brief. The second prong, the prong that plaintiffs have attempted to invoke in this case, is regularly collects or attempts to collect directly or indirectly debts owed or due or asserted to be owed or due another. And that's the key distinction in this case. The debt, plaintiff does not dispute that the debt is owed to Santander. The activities that are the subject matter of the allegations in the complaint took place when the debt was owed to Santander. It is not a debt collector under the debt collector definition. And for the same reasons, it is a creditor under the definition of creditor. Any person who offers or extends credit creating a debt or to whom a debt is owed. The one argument that one court made, I don't know if it was a district court or something, says the exclusion under four would be surplusage because you're assigned it and you then are owed the debt and you wouldn't be doing it for another. And there is a pretty clear answer to that because it seems to me there is a reason to assign debt for collection because we just handled a case last year, Palisades, where we described it, that it permits the garnishment and permits all the other things to be done in the name of the debt collector's name, which facilitates the collection of debt. So you assign it for that purpose, but then there's still a remission of fees and whatever back to the original debt owner. But that's not what's being alleged in this case. What's being alleged in this case is that there was a purchase of a portfolio. And the allegations are consistent with that. They bought it for cents on the dollar and they are collecting their own debt. And I think what the main point that, and I want to hear more on it, Mr. Zidell's making, is that they are an entity that has purchased debt for collection. Well, I'm not sure where his argument goes. He said they were hired. In this one paragraph, he used the word hire to collect. And, of course, it doesn't mean they actually did that. But the very next paragraph says the way they did that, really, was through the purchase of the debt portfolio for cents on the dollar. I do see how there could be some blurring in some factual circumstances. But not fees. The word principle doesn't mean 100%. And so you could have a bank that issues debt 25% of its business and collects debt at 75% of the business. Now, when it issues debt and collects on it, is it a debt collector on its own debt? No, it's not, Your Honor. It doesn't quite say that. And his point is there's an entity description, and that once you fit the entity description, you're now subject to the regulations of the Debt Collection Act. Well, and I think the Davidson case, contrary to what counsel suggested, the Davidson case does address that specific circumstance. In that case, they say that the defendant, and that's exactly like our case, defaulted debt in default when purchased, attempted to collect the debt, debt owed to the defendant. And the court did have some discussion, and it said, you know, even granting that at some point in time in this entity's business, an entity that extends its own credit, here had purchased some debt and was collecting its own debt, that it might have collected for others, that that's not where the proper focus is. That doesn't the fact that you had at one point in time collected for another doesn't make you for all purposes a debt collector, and particularly when the subject matter of the lawsuit is debt that clearly, plainly, and undisputedly is owed to the defendant. Well, that seems to me makes the most rational argument for the construction statute, is that the conduct addressed in the complaint defines whether you're a debt collector or not. Here, the debt collection was in connection, allegedly, in connection with the debt which they had purchased, as opposed to doing it for somebody else. And they didn't even purchase it for somebody else. They purchased it on their own account. And when, Your Honor, when it comes to, and I wanted to just make a remark again about the status of the cases, I think if we look at Schlegel and Davidson, two cases that are most closely like this case, and Davidson sounds exactly like this case, the court is starting with the analytical distinction of is it your own debt, or is it debt owed to another, and then consistently follow through, read the statute as a whole, maintaining that distinction, and then also … That analysis, in a pure sense, is it ignores Congress's use of the word principal business and regularly collects. In other words, why did they need those words? Why didn't it just say in connection with any debt, which if it's not owed to you, which you're collecting for somebody else, you could have the isolated transaction, you're a debt collector. In other words, Congress used some words that go beyond just the debt involved in the lawsuit when they used the word regularly and principal. And I think if you look at the legislative history and some of the preamble, I think what the court was trying to capture in the first threshold definition is that you folks out there that are solely, exclusively, only, you're in the business of being debt collectors, and you don't do anything else. You don't operate as a bank. You're not a finance company. You're a target of this statute. And again, we discuss it in our brief. But principal purpose, target, independent debt collectors, third-party debt collectors. So I do believe that that is reconcilable and why Congress needed to end the definition of debt collector. Get those folks under the umbrella as well as those who routinely are engaged in and when it comes to the allegations of the complaint, collecting debts for another. By the way, Your Honor, I read the ASINI exception. As you do, there is a need for it, and it is exactly for those circumstances where someone gets a transfer, debt may be in their own name, but what's really going on is attempting to collect it for a third party to whom the benefit of the collection will in your— It will give benefits if you can do it in your name. Actually, there's an explicit statute in Maryland that does that. If it's assigned to you, you can collect it on behalf of the debt collector if it's in your name. And I believe Plaintiff did point out and concede that this is not a circumstance where any benefit of the collection on the debts in the portfolio would be inuring to the benefit of Citi. Does the Court have any further questions? I think that's fine, and we'll hear from Mr. Zeidel. Thank you. Thank you, Your Honors. I want to start off by saying— We're totally confused, are we? Well, I'm confused because Santaner just came up and argued completely opposite of what their brief says. I'm not sure about that. I think they're pretty much the same. In the brief, they argue that the principal purpose test and the rarely collects debts, that both of those apply to owed or due or owed or due another. And now they're here today saying that's not the case. Well— They also said that the assignee assertion— You would agree the due another, owed or due another, is a clause that is set off because of the or, wouldn't you? Oh, you're saying that the principal would be any—I think you're right, any debts owed another. Right, and that's what they argued in their briefs. Now that— That's gratuitous. In other words, it clearly applies to the second prong, doesn't it? Due another. I mean, you can see that, don't you? The second prong is regulated by debts owed or due or asserted to be owed or due another. Right. Okay, okay. Okay, but that's different than what— I understand. And it completely sets off the argument because of the way they interpreted the statute originally. They argued that the assignee assertion applies to debt buyers. Now they're in here saying it's not really the case. It's meant for the servicers of the debt buyers. So the argument— That's why you buy the debt. If you buy the debt for the sole purpose of collecting, all debt buyers are covered, right? Under the debt collection— Under the or. Solely for the purpose of collecting the debt of another. You take an assignment solely for the purpose of collecting the debt of another. Oh, correct. As a servicer. Not as a—a servicer doesn't help you. Right. If you're collecting for someone else, you can't be the purchaser. You can't have purchased— Well, under or, it is. You can be the purchaser. And that's what I was clarifying with your colleague was you purchase in order to facilitate the procedures of garnishment and collection. And Maryland has statutes that directly address that. I don't know if other states do. But there is a purpose other than—in other words, you can purchase the debt and collect it having been the purchaser for someone else. That's—in other words, when you go and collect a debt, you're collecting it for somebody else. That's what I think 4A is addressing. I mean, 4's exclusion under 4. Well, Your Honor— Because you're right. Otherwise, you're not owning it. I mean, you either sign it away and it's your own or it's somebody else's. But that exclusion applies to an assignment when the purpose is to collect it for somebody else. Your Honor, I want to go back to the definition section of debt collector, the A6. Okay. Okay. Within this—in between the inclusion clause and then the A6F exclusion clause, there's this other language that says, notwithstanding the exclusions provided in Clause F, which is what we've been talking about, the term debt collector—I'm using debt collector as the term. It includes any creditor who, in the process of collecting his own debts, does A, B, C, D, or E. Right. So that's a recognition— No, no, because you have to go to the A, B, C, and D because, for instance, the first one is he uses the name of someone else. Now there's none of the bank loyalty that they talked about. It's no longer First National Bank collecting its own debt. They assign it to a subsidiary called ABC Collection Company. And if they do that, they're now going to be stuck as a debt collector. But why is Congress excluding an originator? Because— If they already didn't— One of the main reasons for making the distinction between—I mean, the legislative history suggests the main reason for distinguishing between a debt collector and a creditor is that a creditor has a continuing interest for customer relations, and that loyalty will mitigate its conduct, whereas a debt collector doesn't give a hoot. It's just bought this stuff, and its own purpose is just to run it through and get as much as they can, and they use abusive tactics. Now that is what Congress explained, and that's consistent with that little clause you just read. If you do it in somebody else's name, now you've disguised yourself as a debt collector, and that doesn't get you—you lose your benefit as a creditor, I think. Don't you think? Isn't that the way you read it? Well, certainly, if you use someone else's name— No, just a different name. You don't use the issuing—in other words, your first national bank, you issue a car loan, and then when you go to collect it, you give it to your subsidiary called ABC Collection Agency. That is now going to be treated as a debt collector because they disguised the fact that it was the first national bank. And the whole reason for protecting creditors is the loyalty of mitigating circumstances. Isn't that the way you read that or not? Just being honest, I'm a little confused because the—you know, I'm reading this to say that the exclusion in F is what made you a creditor. But for this exclusion, you weren't a creditor. Now you are a creditor. But even though you're a creditor, we're going to put you back in the debt collector because you did this. There's an exclusion from the exclusion because you are engaging in what looks like slate of hand to disguise who you are. You're engaging in a practice that the statute doesn't condone. So it puts you—it kicks you back. It kicks you out of the favored status of creditor under the statute because of the way you have decided to conduct the collection process. I agree with the first part of what you said. It kicks you back, and then you change. Because if you weren't there to begin with, how do you get back? It's an exclusion to an exclusion. So it just puts you back into the category you would have been in had you not tried to use a name other than your own to suggest that a third person is collecting or attempting to collect the debts. So just—it deprives you of the benefit of the exclusion to A6. That one actually, I have to say, seemed relatively straightforward to me, which in and of itself should make me nervous. Your Honor, if I go into a restaurant and I order grilled cheese, I don't tell the waitress or the waiter to hold the mushrooms. Because no one's going to put mushrooms on the grilled cheese, and that's why I'm making this analogy. Why would Congress make these exclusions which would have no relevance? It has relevance. All of these things have relevance to its main purpose is to get to regulate the agency debt collectors who are in the business of it and to let creditors pursue their own collection efforts. The problem is the blurring of those distinctions is what they're trying to catch. They don't want people going through loopholes. And so if you buy debt solely for the purpose of collecting it, you're going to still be a debt collector. If you're buying debt as part of your overall business, maybe investment business like a portfolio here, I'm not sure Congress would say they want to get to that. But that's the issue before us here. Your points are not frivolous at all. As I said, the courts have been struggling with this. But I think the task for us is to be guided by the statute and not be seduced by some opinion that uses language that's favorable to one side or the other. We agree with that. Absolutely. And I appreciate your time. I know we've run over. Yeah, we have run over a little, but it's an important point. And all I'd ask is that when this is determined, when the court decides how to interpret what a debt collector is under the statute, that it does so in a way that makes it so a creditor and a debt collector can never be the same thing. The mutually exclusive. It seems to me both sides seem to be, and Congress seems to be in that category, too, subject to exceptions. It sounds to me that if you're a real creditor, a genuine creditor, or you're a genuine debt collector, there's no problem. They're mutually exclusive. Everyone agrees with it. Even every court that's ever decided agrees with it. But some of the opinions don't write it that way. Yeah, yeah. Thank you. All right, we're going to come down and greet counsel and then take a short recess. The court will take a brief recess.
judges: Paul V. Niemeyer, Allyson K. Duncan, G. Steven Agee